*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

POWER IN THE PRAISES CHURCH and PERCY HENDERSON II,

        Plaintiffs-Appellants,

V

DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT, NIKOLAI VITTI, FELICIA VENABLE, and SYLVESTER MCINTOSCH,

        Defendants-Appellees.

UNPUBLISHED
July 16, 2026
2:01 PM

No. 371359
Wayne Circuit Court
LC No. 22-005025-CB

POWER IN THE PRAISES CHURCH,

        Plaintiff-Appellee,
and

PERCY HENDERSON II,

        Plaintiff,

V

DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT,

        Defendant-Appellant,
and

NIKOLAI VITTI, FELICIA VENABLE, and SYLVESTER MCINTOSCH,

        Defendants.

No. 371983
Wayne Circuit Court
LC No. 22-005025-CB

-1-

Before:  GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

These consolidated appeals[1] involve a dispute over the sale of property.  In Docket No. 371359, plaintiffs, Power in the Praises Church (plaintiff, or the Church) and Percy Henderson II, appeal by right the trial court's order granting partial summary disposition in favor of defendants, Detroit Public Schools Community District (defendant, or DPSCD), Nikolai Vitti, Felicia Venable, and Sylvester McIntosch.  In Docket No. 371983, defendant appeals by right the trial court's order awarding attorney fees to plaintiff.  We affirm in Docket No. 371359 but vacate and remand in Docket No. 371983.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from a dispute regarding a parcel of real property owned by DPSCD (and on which it formerly operated an elementary school).  DPSCD leased the property to plaintiffs in 2013.  In November 2018, DPSCD and the Church executed another three-year lease for the property.  The 2018 lease included an option-to-purchase clause, providing that the Church had a right to purchase the property for $100,000 if it exercised its option by delivering written notice to DPSCD of its intent to purchase by 5:00 p.m. on October 31, 2019.  The option clause imposed other conditions, including a requirement that the parties execute a purchase agreement.  The 2018 lease also contained a merger clause.[2]

Henderson sent written notice of the Church's intent to purchase the property in August 2019 and provided an earnest-money deposit of $10,000.  The parties then began to negotiate the terms of the purchase agreement, and a closing date was eventually scheduled for November 5, 2021.  On that date, Henderson appeared at the office of Robert Johnson, a real estate agent, to close on the property.  However, no representatives from DPSCD appeared.  According to Henderson, the closing was rescheduled four more times because of DPSCD's failure to appear.  DPSCD eventually indicated that it intended to issue a quitclaim deed to the Church in exchange for the remaining $90,000 purchase price.  But when Henderson attempted to arrange the sale, DPSCD changed the terms of the purchase agreement.  The Church declined to sign the new agreement because it made material changes to the original purchase agreement.

In April 2022, plaintiffs filed suit against defendants, alleging breach of contract, various fraud-based claims, and intentional infliction of emotional distress (IIED) in relation to Henderson. Defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10), and the trial court granted the motion with respect to plaintiffs' claims for fraud and IIED.  The trial court also dismissed all individual parties from the lawsuit, leaving only the Church and DPSCD as litigants.

---

[1] *Power in the Praises Church v Detroit Pub Schs Community Dist*, unpublished order of the Court of Appeals, entered August 14, 2024 (Docket Nos. 371359 and 371983).

[2] Plaintiffs do not dispute that this merger clause fully integrated the agreement, nor do they allege any fraud in relation to the merger clause itself.

The Church and DPSCD continued to litigate the remaining breach-of-contract claim, specifically regarding whether plaintiff was entitled to specific performance or money damages. The parties filed cross-motions for summary disposition, after which the trial court dismissed plaintiff's claim for consequential damages. Defendant then filed a motion in limine in which it stipulated (for the purpose of that motion only) that it had breached the contract and that plaintiff was entitled to specific performance. It requested that the trial court either order specific performance and dismiss the case or preclude plaintiff from referring to any benefit-of-the-bargain damages at trial.

The trial court issued a final order granting the motion in limine, granting specific performance, and otherwise dismissing the case. It also awarded plaintiff attorney fees "for having to prosecute this case due to Defendant's continual refusal to go forward to close the sale of the property." Defendant moved for reconsideration of the trial court's attorney-fee award, which the court denied. These appeals followed.

## II. DOCKET NO. 371359

Plaintiffs argue that the trial court erred by prematurely granting summary disposition of their fraud claims because discovery on the issue had not yet been completed. We disagree.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023). Although defendants brought their motion under MCR 2.116(C)(7), (8), and (10), the trial court did not expressly state which subrule it was relying on when it granted summary disposition of plaintiffs' fraud claims. However, it did indicate that it was granting defendants' motion because "Plaintiff's evidence [was] insufficient to recover on a fraud theory[.]" The trial court's indication that it was granting summary disposition on the basis of the evidentiary or factual sufficiency of plaintiffs' claims, rather than the legal sufficiency of plaintiffs' allegations, clearly demonstrates that its ruling was premised on MCR 2.116(C)(10).[3] See *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). See also *Krass v Tri-County Sec, Inc.*, 233 Mich App 661, 664-665; 593 NW2d 578 (1999) ("Where the record is unclear with regard to which section of MCR 2.116 the trial court based its ruling, and both the defendant and the trial court relied on documentary evidence beyond the pleadings . . . , this Court must construe the defendant's motion as being granted pursuant to MCR 2.116(C)(10).")

"A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Chisholm*, 347 Mich App at 652. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might

---

[3] The parties do not contend that the trial court's decision was premised on MCR 2.116(C)(7). In any event, the court did not discuss the statute of limitations or otherwise indicate that it was relying on Subrule (C)(7).

disagree." *Id*. On review, "we consider the documentary evidence in the light most favorable to the nonmovant." *Id*.

## B. SUMMARY DISPOSITION

"In general, summary disposition is premature if granted before discovery on a disputed issue is complete." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017). "However, a party may not simply allege that summary disposition is premature. The party must clearly identify the disputed issue for which it asserts discovery must be conducted and support the issue with independent evidence." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 253; 964 NW2d 50 (2020). "The dispositive inquiry is whether further discovery presents a fair likelihood of uncovering factual support for the party's position." *Id*. (quotation marks and citation omitted).

In the trial court, defendants moved for summary disposition of plaintiffs' fraud claims, primarily arguing that the claims were barred by the merger clause in the 2018 lease. In response, plaintiffs contended only that defendants' "motion [was] premature," because the "case was filed in 2022, and no depositions have been taken." During the hearing on defendants' motion, plaintiffs again maintained that "there has been no discovery" on their fraud claims, and that they wanted "an opportunity to conduct discovery before the Court rule[d] on a (C)(10) motion." Notably, plaintiffs presented no independent evidence in support of the issue and made no showing that further discovery presented a fair likelihood of uncovering factual support for their position.

The crux of plaintiffs' argument is that because discovery was not complete on their fraud claims, summary disposition was premature. However, this bare assertion is not sufficient to survive summary disposition. See *id*. Plaintiffs contend that summary disposition was improper "[b]ecause defendants failed to present *any* evidence showing that plaintiff stood no chance of uncovering factual support for plaintiff's position," but that statement misconstrues the applicable standards. Defendants were not required to disprove plaintiffs' ability to uncover factual support for their claims; instead, plaintiffs were required to "clearly identify the disputed issue for which [they] assert[ed] discovery must be conducted and support the issue with independent evidence." *Id*. Because plaintiffs failed to do so, they have not satisfied their burden of establishing that the trial court's grant of summary disposition was premature.

In any event, defendants correctly argue that further discovery would not have affected the outcome of their motion because the merger clause in the 2018 lease barred any parol evidence of fraud. In the trial court, plaintiffs did little to substantively address the merits of defendants' arguments regarding the effect of the merger clause. Their only response to defendants' merger argument was their brief assertion during the motion hearing that "[t]he merger does not apply when you're alleging fraud," and that plaintiffs were "alleging that that merger was fraudulently obtained."

"[W]hen a contract contains a valid merger clause, the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause." *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 503; 579 NW2d 411 (1998). "Fraud in the inducement to enter a contract renders the contract voidable at the option of the defrauded

party." *Custom Data Solutions, Inc v Preferred Capital, Inc*, 274 Mich App 239, 243; 733 NW2d 102 (2006) (quotation marks and citations omitted). It "occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Id*. at 242-243 (quotation marks and citation omitted).

Although the merger clause in the 2018 lease agreement did not necessarily preclude plaintiffs' claim of fraudulent inducement, summary disposition under MCR 2.116(C)(10) was still appropriate. When opposing defendants' motion, plaintiffs relied on Henderson's affidavit, which set forth allegations to satisfy the elements for fraud in the inducement. See *Custom Data Solutions*, 274 Mich App at 243. However, a self-serving affidavit that relies only on conclusory allegations is generally insufficient to survive summary disposition under MCR 2.116(C)(10). See *Quinto v Cross & Peters Co*, 451 Mich 358, 371; 547 NW2d 314 (1996). The statements in Henderson's affidavit simply parrot or rephrase the allegations in plaintiffs' complaint. Furthermore, Henderson's statements regarding the falsity of defendants' representations and their intent are speculative, which also cannot survive summary disposition. See *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1, 7; 972 NW2d 860 (2021). In addition to Henderson's affidavit, plaintiffs presented deposition testimony from Johnson, who testified that he personally believed that DPSCD was "never trying to close on the transaction." But Johnson lacked any personal knowledge about the negotiations, so his testimony was not probative of fraudulent inducement, which necessarily would have occurred during negotiations.

Because there was no evidence of fraudulent inducement, the merger clause in the 2018 lease agreement remained in effect and barred any parol evidence of other alleged fraud. See *UAW-GM Human Resource Ctr*, 228 Mich App at 503. Accordingly, we hold that the trial court did not err when it granted summary disposition in favor of defendants on the fraud claims.

## III. DOCKET NO. 371983

Defendant argues that the trial court abused its discretion by awarding attorney fees to plaintiff. We agree.

## A. STANDARD OF REVIEW

We review a trial court's award of attorney fees for an abuse of discretion. *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 88; 985 NW2d 225 (2022). An abuse of discretion "occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). "Any underlying factual findings are reviewed for clear error, which occurs if this Court is definitely and firmly convinced that the trial court made a mistake." *Lakeside Retreats*, 340 Mich App at 88. But "any underlying questions of law are reviewed de novo." *Id*. at 89. Additionally, "[a] trial court's findings regarding whether a claim or defense was frivolous and whether sanctions may be imposed are reviewed for clear error." *DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 546; 907 NW2d 611 (2017) (quotation marks and citation omitted).

## B. ANALYSIS

"Michigan follows the 'American Rule' that provides that the prevailing party in litigation is not entitled to recover its attorney fees as an element of damages unless expressly allowed by statute, court rule, common-law exception, or the parties' contract." *Int'l Outdoor, Inc v SS Mitx, LLC*, 349 Mich App 212, 242; 27 NW3d 365 (2023).[4] Any exceptions to the American Rule are narrowly construed. *Id*.

One such exception is that a trial court may award attorney fees to the prevailing party as a sanction for pleading a frivolous claim or defense. MCR 1.109(E)(7). Under MCR 2.625(A)(2), "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." That statute similarly provides that the court may award costs and fees "[u]pon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous." MCL 600.2591(1). The costs and fees include reasonable attorney fees. MCL 600.2591(2). In this case, MCL 600.2591 did not supply the authority to award attorney fees because plaintiffs had not moved for attorney fees on that basis,[5] and the trial court never found that the defense against the breach-of-contract claim was frivolous.

Another exception to the American Rule is the trial court's "inherent authority to impose sanctions on the basis of the misconduct of a party or an attorney." *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999). "[A] court's inherent power to sanction misconduct and to control the movement of cases on its docket includes the power to award attorney fees as sanctions" based on the "egregious misconduct of a party." *Id*. at 640-641. However, a trial court cannot award attorney fees "solely on the basis of what it perceives to be fair or on equitable principles." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005).

In their complaint alleging breach of contract, plaintiffs requested relief in the form of (1) specific performance, (2) compensatory, exemplary, and consequential damages,[6] (3) declaratory and injunctive relief, and (4) payment of reasonable costs, attorney fees, and interest. In its final order resolving the breach-of-contract claim, the trial court discussed attorney fees in the context of fashioning an appropriate remedy:

> [A]lthough Plaintiff has requested both specific performance and damages in the form of the value of the property, this Court has the power to grant specific performance to give each party the benefit of the contract, as long as it would not work an injustice . . . . In this matter, Defendant stipulates to its breach of the

---

[4] None of the relevant contracts in this case contain any agreement about how to divide attorney fees in the event of litigation, and defendants do not claim that exception.

[5] Plaintiffs did eventually file a motion for attorney fees as a sanction under MCL 600.2591, but not until after the trial court had entered the final order and defendant had filed its motion for reconsideration.

[6] The trial court granted partial summary judgment in favor of defendants with respect to plaintiffs' claim for consequential damages on the basis that the damages requested were too speculative. That holding is not relevant to this appeal.

> contract, and as such, specific performance is the proper remedy to give each party the benefit of the bargain without being inequitable. The Court, however, finds that Plaintiff is entitled to attorney fees and costs for having to prosecute this case due to Defendant's continual refusal to go forward to close the sale of the property.

The order did not note the relevant authority on which the trial court relied in awarding attorney fees.

We hold that the trial court abused its discretion by awarding attorney fees without (and without finding) a proper basis. Indeed, the attorney-fee award was made within the context of fashioning an equitable remedy. The trial court's reference to defendant's "continual refusal" to close on the sale seemingly refers to defendant's prelitigation conduct, i.e., the significant delays in negotiating and closing on the purchase agreement that led to this action in the first place. The final order also provided for "sanctions in the form of $1,000 for each day . . . that Defendant fails to attend the closing" similarly suggests that its attorney-fee award was based on its concern about defendant's repeated failure to appear for scheduled closing meetings before plaintiff filed this action. The trial court did not identify a violation of any court rule, statute, or order that would constitute the misconduct required to impose a sanction. Plaintiff contends that the court had inherent authority to impose a sanction because the defense to the breach-of-contract claim was frivolous, but that position is belied by the fact that the trial court had previously refused to grant summary disposition on the breach-of-contract claim because there remained a genuine issue of material fact regarding whether defendant had waived the prerequisites to exercising the purchase option that were listed in the 2018 lease agreement. Defendant's eventual decision to stipulate that it breached the contract for the purpose of its motion in limine to limit the remedy and dismiss the case was more akin to a settlement strategy than an indication that its defense was meritless (or frivolous).

The trial court abused its discretion when it awarded attorney fees on the basis of general equitable principles instead of sanctionable misconduct. Accordingly, we vacate the portion of the May 28, 2024 order that awards attorney fees to plaintiff.[7]

IV. CONCLUSION

In Docket No. 371359, the trial court did not err when it granted summary disposition in favor of defendants on plaintiffs' fraud claims because the evidence presented no genuine issue of material fact regarding whether defendants fraudulently induced plaintiffs to enter into the lease. As for the breach-of-contract claim in Docket No. 371983, the trial court abused its discretion by awarding attorney fees to plaintiff without the legal authority to do so.

---

[7] Given our resolution of the attorney-fee issue, it is unnecessary to address defendant's argument that the trial court abused its discretion by denying defendant's motion for reconsideration of that issue.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron